[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14359
Non-Argument Calendar

_____

D. C. Docket No. 05-00122-CR-13-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE RIVERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 6, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Jorge Rivero appeals his conviction for conspiracy to

possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.

After review, we affirm.

## I.  BACKGOUND

As part of a negotiated plea agreement, Rivero pled guilty to one count of conspiracy and admitted that the quantity of methamphetamine involved in the offense exceeded 1.5 kilograms.  Paragraph nine of the plea agreement stated that the parties agreed that neither would seek a role adjustment.[1]  At the plea hearing, the parties struck paragraph nine and added this notation: "parties understand def. will seek reduction for role."

The plea agreement also contained a provision, paragraph eleven, which stated that the government was free to present subsequently obtained evidence to the probation office and the sentencing court and, if the evidence was sufficient to support a different application of the guidelines, the government was not bound to make the recommendations set forth elsewhere in the agreement.[2]

---

[1]Paragraph nine stated, "Neither party will seek a role adjustment, for whatever reason, pursuant to U.S.S.G. § 3B1.1 and § 3B1.2 or any other provision."

[2]Paragraph eleven stated:
With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying such recommendations, the Government may bring that evidence to the attention of the Court and Probation Office.  If the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do

During the plea hearing, the government stated that, as things stood at the time, it did not expect to seek a role enhancement, but that a decision would be made after the Probation Office made sentencing recommendations, as follows:

> [Government]: . . . The parties have stricken language in paragraph nine in the case of Mr. Rivero, stating that we would agree that there is no role adjustment in either direction. That will be something that, depending upon what probation recommends, may be argued at the time of sentencing.
> [Defendant]: I'm sorry, I want to be clear about what that understanding is. My understanding . . . is . . . that the defendant will at sentencing argue for a role reduction; and it is my understanding that the government has no anticipation or expectation for arguing for a role enhancement.
> [Government]: That is correct. We may very well argue that he doesn't deserve any role adjustment at all. But as we stand right now, we see no basis in fact to argue for a role enhancement.

The district court subsequently accepted Rivero's guilty plea.

Rivero's Presentence Investigation Report, inter alia, recommended a three-level enhancement for an aggravating role in the offense, pursuant to U.S.S.G. § 3B1.1(b). Rivero objected to the role enhancement and to the omission of a safety-valve reduction, pursuant to U.S.S.G. §§ 2D1.1(b)(9), 5C1.2.

At the sentencing hearing, the government explained that it was not seeking a role enhancement. Although evidence gathered after the plea hearing suggested that Rivero at times managed the drug operation when its leader was out of town,

---

so will not constitute a violation of this Plea Agreement.

3

the government noted that the evidence as a whole was in "equipoise" as to Rivero's role. Thus, the government argued for no role adjustment at all.

The government also argued that Rivero was not eligible for safety-valve relief because he had not been debriefed by the government, as required by U.S.S.G. § 5C1.2. To be eligible for a safety-valve reduction, the defendant must show that he: (1) has no more than one criminal history point, (2) did not use violence or threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer, leader, manager or supervisor of the offense "as determined under the sentencing guidelines" and was not engaged in a continuing criminal enterprise, and (5) truthfully provided to the government all information and evidence about the offense. U.S.S.G. § 5C1.2(a)(1)-(5). The government also stated that "if Mr. Rivero were fully truthful about everything he did, he would talk himself out of a role reduction or a zero role" and that, if Rivero took the stand to give a safety-valve proffer, the government would present witnesses to contradict his testimony, which would raise questions as to whether Rivero was committing perjury. Rivero's counsel acknowledged that this was a dilemma for his client and advised the district court that Rivero would not take the stand to testify in support of a safety-valve reduction.

The district court sustained Rivero's objection to the role enhancement, but concluded that Rivero was not eligible for safety-valve relief because he had failed to make full disclosure to the government. The district court calculated a total offense level of 35 and a criminal history category of I, yielding an advisory guidelines range of 168 to 210 months' imprisonment. The district court sentenced Rivero to a 168-month sentence. This appeal followed.

## II. DISCUSSION

On appeal, Rivero argues for the first time: (1) that the government breached the plea agreement by asserting at sentencing that, if Rivero testified in support of a safety-valve reduction, it would present evidence that Rivero sometimes had a managerial role in the drug operation, and (2) that the district court should have inquired into the terms of the plea agreement and enforced it by precluding the government from presenting such evidence.

Ordinarily, we review whether the government has breached a plea agreement de novo. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004). However, where, as here, the defendant failed to raise the objection in the district court, we review the claim for plain error. United States v. Thayer, 204 F.3d 1352, 1356 (11th Cir. 2000).

We conclude Rivero has failed to show any plain error. Here, Rivero's plea

agreement did not restrict the government from seeking an aggravating role adjustment. Paragraph nine, which would have done so, was struck from the plea agreement by mutual consent. In addition, the government stated that, as it stood at the time of the plea hearing, it did not expect it would seek a role enhancement, but that the decision would be made at sentencing, after seeing the probation office's recommendations. More importantly, the government argued against a role enhancement at sentencing, and the district court sustained Rivero's objection to the PSI's recommendation of a role enhancement. Furthermore, there was no restriction in the plea agreement about the safety-valve reduction.

The district court also did not commit plain error in not precluding the government from making its evidentiary proffer about Rivero's role in connection with the safety-valve reduction.

**AFFIRMED**